GILLESPIE, Presiding Justice:
The appellee, O’Connor Terminal Company, Inc., complainant below, filed its original bill of complaint and prayed for an injunction enjoining the City of Pascagoula from interfering with appellee’s operations in connection with its business of shipping explosives. A temporary injunction was issued, and upon a hearing on the answer and motion to dissolve filed by the City of Pascagoula, the court made the injunction permanent. The City appealed to this Court. We affirm.
The City sought to interfere with and prohibit shipments of explosives by appel-lee, and this suit was brought to enjoin such interference. Appellee is engaged as shipping agent and stevedore for several shippers of explosives of classes A, B, C, and D according to the Interstate Com *792 merce Commission rules and regulations. The explosives were shipped into the City of Pascagoula in trailers over the highways. These shipments were regulated and licensed by the Interstate Commerce Commission. At the terminal maintained by ap-pellee on the west bank of the East Branch of the Pascagoula River, the trailers were loaded on a barge by authority of a permit issued by the Jackson County Port Authority, and under the supervision of the United States Coast Guard. The barge was then towed down the ship channel through the City of Pascagoula to a point near Petit Bois Island in the Gulf of Mexico, a place designated by the United States Corps of Engineers, where the trailers were opened for the first time and the explosives removed and placed aboard an ocean going ship for shipment to foreign ports. The loading of the explosives aboard ship was also supervised by the United States Coast Guard.
The City contends that the decree of the chancery court should be reversed because the applicable Federal statutes provide that the Coast Guard shall not issue a permit for the loading or unloading of explosives unless such permit specifies that the limits as to maximum quantity, isolation and remoteness established by local, municipal, territorial, or state authorities for each port shall not be exceeded, and that the shipments involved in this case violated the fire prevention code of the City of Pascagoula.
We assume, but do not decide, that the City has the authority to reasonably regulate the activities of appellee with respect to the shipment of explosives through the city limits; however, the fire prevention code of the City is not in the record. The City relied upon the fire prevention code which, it avers in general terms, was violated by appellee. This was an affirmative defense to the bill for injunction and on the motion to dissolve, the burden of proof is upon the defendant as to any affirmative matter in avoidance.
Griffith, Mississippi Chancery Practice § 453 (1950). The City failed to meet this burden. We decide nothing else.
Affirmed.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.